**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MT PARTNERS, LP,**<br>**906 Olive Street,**<br>**Suite PH10,**<br>**St. Louis, MO  63101,** | **COMPLAINT FOR DECLARATORY AND**<br>**INJUNCTIVE RELIEF AND REVIEW OF**<br>**AGENCY ACTION UNDER THE**<br>**ADMINISTRATIVE PROCEDURES ACT** |
| **and** | |
| **ISHWINDER ARORA,**<br>**11885 Villa Dorado Drive,**<br>**Unit 165,**<br>**St. Louis, MO  63146,** | **CIVIL ACTION NO._____**<br><br>**ALIEN NO.: A088852155, A088852156** |
| **and** | **AGENCY CASE NUMBER:**<br>**WAC1223650009 (I-129), WAC1223650010 (I-**<br>**539), WAC1390074547 (I-290B on I-129),** |
| **JASLEEN ARORA,**<br>**11885 Villa Dorado Drive,**<br>**Unit 165,**<br>**St. Louis, MO  63146,** | **WAC1390074548 (I-290B on I-539),**<br>**EAC1390133011 (I-290B on I-290B on I-129),**<br>**and EAC1390133010 (I-290B on I-290B on I-**<br>**539)** |
| **Plaintiffs,** | |
| **v.** | |
| **JANET NAPOLITANO, Secretary, U.S.**<br>**Department of Homeland Security, in**<br>**her official capacity, as well as her**<br>**successors and assigns,**<br>**245 Murray Lane, S.W.,**<br>**Building 410,**<br>**Washington, D.C.  20528,** | |
| **and** | |
| **ERIC HOLDER, Attorney General of the**<br>**United States, in his official capacity**<br>**as well as his successors and assigns,**<br>**U.S. Department of Justice,**<br>**950 Pennsylvania Avenue, N.W.,**<br>**Washington, D.C. 20530-0001,** | |
| **and** | |
| **ALEJANDRO MAYORKAS,  Director,**<br>**U.S. Department of Homeland Security,**<br>**U.S. Citizenship and Immigration**<br>**Services, in his official capacity, as** | |

well as his successors and assigns,        )
20 Massachusetts Avenue, N.W.,             )
Washington, D.C. 20529,                    )
                                           )
        and                                )
                                           )
DONALD NEUFELD, Associate                  )
Director, Service Center Operations        )
Directorate, U.S. Department of            )
Homeland Security, U.S. Citizenship        )
and Immigration Services, in his           )
official capacity, as well as his          )
successors and assigns,                    )
20 Massachusetts Avenue, N.W.,             )
Washington, D.C. 20529,                    )
                                           )
        and                                )
                                           )
DONNA P. CAMPAGNOLO, Acting                )
Center Director, California Service        )
Center, U.S. Department of Homeland        )
Security, U.S. Citizenship and             )
Immigration Services, in her official      )
capacity, as well as her successors        )
and assigns, 24000 Avila Road, 2nd    )
Floor, Room 2312, Laguna Niguel, CA        )
92677,                                     )
                                           )
        and                                )
                                           )
KAREN L. FITZGERALD, Acting                )
Director, Vermont Service Center, U.S.     )
Department of Homeland Security, U.S.      )
Citizenship and Immigration Services,      )
in her official capacity, as well as her   )
successors and assigns,                    )
75 Lower Welden Street,                    )
St. Albans, VT 05479,                      )
                                           )
        Defendants.


## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiffs, MT Partners, LP ("Plaintiff-employer"), Ishwinder Arora ("Plaintiff-employee"), and

Jasleen Arora ("Plaintiff-wife"), through undersigned counsel, allege as follows:

2

## I.      INTRODUCTION

1.      This civil action seeks judicial review and challenges government action unlawfully denying a request for an extension of non-immigrant status made by Plaintiffs pursuant to 8 C.F.R. §214.1(c)(4).

2.      Plaintiff-employer, a limited partnership, and Plaintiff-employee challenge the decision of Defendant U.S. Citizenship & Immigration Services ("USCIS" or "the Service") to deny the portion of Plaintiff-employer's Form I-129 Petition for a Nonimmigrant Worker ("I-129") seeking an extension of H-1B status ("I-129 Extension") for Plaintiff-employee, an alien offered employment by MT Partners, LP, based upon a showing of extraordinary circumstances beyond their control pursuant to 8 C.F.R. §214.1(c)(4).

3.      Plaintiff-wife challenges the decision of Defendant USCIS to deny the Form I-539 Application to Extend/Change Nonimmigrant Status ("I-539 Application") seeking an extension of her H-4 status based upon a showing of extraordinary circumstances beyond her control pursuant to 8 C.F.R. §214.1(c)(4), denied by implication from the denial of Plaintiff-employer's I-129 Extension.

4.      Plaintiff-employer challenges the November 5, 2012 decision of Defendant USCIS to deny the Form I-290B Notice of Appeal or Motion ("I-290B Motion") submitting a Motion to Reopen and Motion to Reconsider pursuant to 8 C.F.R. §103.5 to reverse the denial of its I-129 Extension.   The Service's decision to deny this I-290B Motion is arbitrary and capricious, and not in accordance with the law.

5.      Plaintiff-wife challenges the decision of Defendant USCIS denying her I-290B Motion submitting a Motion to Reopen and Motion to Reconsider pursuant to 8 C.F.R. §103.5 to reverse the denial of her I-539 Application.   The Service's decision to deny this I-290B Motion by implication should be reversed because the denial of Plaintiff-employer's I-290B Motion is arbitrary and capricious, and not in accordance with the law.

3

6.     Plaintiff-employer and Plaintiff-wife each subsequently filed an additional I-290B Motion challenging the November 5, 2012 denial decisions issued by USCIS.  Notwithstanding these non-mandatory filings with Defendant USCIS, these matters are ripe for judicial review.

7.     The Administrative Procedure Act ("APA") requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner or "unsupported by substantial evidence."  5 U.S.C. §706(2)(A).

8.     This action seeks injunctive and declaratory relief to compel DHS to adjudicate Plaintiffs' I-129 Extension, I-539 Application, and I-290B Motions.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

9.     Plaintiffs have made inquiries with USCIS regarding the adjudication of Plaintiffs' agency cases, without success.  Plaintiffs have noted multiple agency errors and a failure to follow the law and procedure governing agency actions with these filings.

10.     As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

11.     The Service's decisions denying the I-129 Extension and related I-290B Motion were arbitrary and capricious, and not in accordance with the law.  These decisions also failed to observe agency procedure, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

12.     The Service's decisions denying the I-539 Application and related I-290B Motion were arbitrary and capricious, and not in accordance with the law because they were premised on the unlawful denial of Plaintiff-employer's I-129 Extension and related I-290B Motion.  Thus, these decisions also failed to observe agency procedure, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

13.     Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and to adjudicate the subject I-129 Extension, I-539 Application and I-290B Motions within thirty (30) days of an Order of this Court.

11.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II.     JURISDICTION

12.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) ("INA") (including 8 U.S.C. §§1182, 1184, 1201, 1202 and1204); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III.     VENUE

13.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a.   Defendant Secretary Janet Napolitano is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Napolitano performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.   Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Holder performs a

significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.  Defendant Alejandro Mayorkas is an officer of the DHS and the Director of the USCIS, which is headquartered in the District of Columbia.  Defendant Mayorkas performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d.  Defendant Donald Neufeld is an officer of the DHS and Associate Director, Service Center Operations Directorate of the USCIS, which is headquartered in the District of Columbia.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e.  Defendants Donna Campagnolo and Karen FitzGerald are officers of the Department of Homeland Security and USCIS who retain jurisdiction over the I-129 Extension and I-539 Application and I-290B Motions in question, subject to the discretion of Defendant Mayorkas, who resides in the District of Columbia;

f.  A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS and USCIS, which are all headquartered in the District of Columbia; and

g.  Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.

14.    Due to the decentralized nature of USCIS case processing, which allows for the transfer of nonimmigrant benefit Petitions, Applications, and other filings to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

6

## IV.      PARTIES

15.      Plaintiff-employer, MT Partners, LP, is a United States limited partnership, based in St. Louis, Missouri, created to manage and oversee the daily operations and functions of the Mark Twain Hotel, a Single Room Occupancy ("SRO") hotel located in St. Louis, Missouri, which provides low-income housing to residents who might otherwise be homeless.  *See* Exhibit A at page 120.

16.      Plaintiff-employee, Ishwinder Arora, is a citizen and national of India, and was a long-time employee of MT Partners, LP.  He resides at 11885 Villa Dorado Drive, Unit 165, St. Louis, MO  63146.  *See* Exhibit A at page 125.

17.      Plaintiff-wife, Jasleen Arora, is a citizen and national of India, and wife of Plaintiff-employee.  She resides at 11885 Villa Dorado Drive, Unit 165, St. Louis, MO  63146.  *See* Exhibit A at page 157.

18.      Janet Napolitano is the Secretary of the DHS and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

19.      Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530-0001.

20.      Alejandro Mayorkas is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to

subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-129 Extensions, I-539 Applications, and I-290B Motions.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

21.     Donald Neufeld is the Associate Director, Service Center Operations Directorate of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with overseeing all the activities of the four (4) regional service centers of the USCIS, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-129 Extensions, I-539 Applications, and I-290B Motions.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

22.     Donna Campagnolo is the Acting Director of the California Service Center of the USCIS, located at 24000 Avila Road, 2nd Floor, Room 2312, Laguna Niguel, CA  92677, and is named herein only in her official capacity, as well as her successors and assigns. The I-129 Extension and I-539 Application and I-290B Motions in question were properly filed by Plaintiffs, respectively, with the USCIS and unlawfully denied.

23.     Karen FitzGerald is the Acting Director of the Vermont Service Center of the USCIS located at 75 Lower Welden Street, St. Albans, VT 05479, and is named herein only in her official capacity, as well as her successors and assigns. The I-290B Motions filed by Plaintiffs with the USCIS on December 6, 2012 and that were assigned to the Vermont Service Center are pending.

## V.     STATEMENT OF FACTS

### A. Process for Authorization to be an H-1B Worker

24.     An alien temporarily living and working in the U.S. pursuant to 8 U.S.C. §1101(a)(15)(H)(i)(b), *i.e.*, the H-1B nonimmigrant, must request permission from USCIS to extend his H-1B status based on an employment relationship in the U.S.  The petitioner, who is

the H-1B non-immigrant's U.S. employer, executes this step.  *See* 8 U.S.C. § 1184(c)(1).

25.    The spouse of the H-1B nonimmigrant who is present in the U.S., in H-4 nonimmigrant status, is eligible to seek an extension of her H-4 status based on the relationship to the alien extending H-1B status.  *See* 8 C.F.R. §§214.1(a)(1)(ii) and (2).  *See also* 22 C.F.R. §41.53(a)(3).

26.    The Form I-94 Arrival Departure Record ("I-94 Card") issued to an alien reflects his or her status and the expiration date of that particular status.  The I-94 Card is necessary to determine whether a request for an extension of status is filed timely or late.  *See* 8 C.F.R. §235.1(h).  *See also* 8 C.F.R. §214.1(c).

27.    The U.S. employer seeking to continue employing an alien in H-1B status files the I-129 with Defendant USCIS on behalf of the alien worker in order to continue authorization of the individual's employment and to extend the alien's status in the United States for this employment.  *See* 8 U.S.C. §1101(a)(15)(H)(i)(b) and 8 U.S.C. §1184(c)(1).  *See also* 8 C.F.R. §214.2(h) and 8 C.F.R. §214.1(c)(1).  The alien seeking an extension of H-1B status is referred to as the "beneficiary" of the I-129.  Defendant USCIS examines evidence filed with the I-129 to determine eligibility for the benefit requested.  Once it is determined that the eligibility criteria are established, the I-129 is approved.  *See* 8 U.S.C. §1184(c)(1).  *See also* 8 C.F.R. §214.2(h)(9).

28.    When the alien beneficiary of an I-129 has failed to maintain his H-1B status continuously, or has "overstayed" his I-94 card, a new I-94 can still be issued if a request is made by the employer to waive the lateness of the filing. This request to extend nonimmigrant status can be granted on a showing to USCIS that the failure was due to extraordinary circumstances beyond the alien's control.  *See* 8 C.F.R. §214.1(c)(4). This request is generally referred to as a "*nunc pro tunc*" request.

29.    Defendant USCIS can approve and deny the I-129 in parts.  On a showing by the U.S. employer that the alien qualifies for employment in H-1B status, the portion of the I-129

seeking employment authorization can be approved for Consular Processing.  *See* 9 Foreign Affairs Manual[1] ("FAM") 41.53 N2.1. *See also* 9 FAM 41.53 Procedural Notes.

30.    Consular Processing is a second stage required when an alien beneficiary of an I-129 has failed to maintain his status as determined by USCIS.  The alien must depart the U.S., if present inside the country, to proceed with the process of applying for a nonimmigrant H-1B visa at a U.S. Consulate.  *See* 8 U.S.C. §1182(a)(7)(B)(i).  With the I-129 approval by Defendant USCIS, the H-1B employee must apply for an H-1B visa abroad, at a U.S. Embassy or Consulate, by application to a Consular Officer.  *See* 9 FAM 41.53 N2.  The approved I-129 is transmitted to the Kentucky Consular Center of the Department of State for processing of the second stage, *i.e.*, the H-1B nonimmigrant visa application on the Form DS-160.  *See* 9 FAM 41.53 PN2 and 22 C.F.R. §41.103.

31.    The spouse of an intending H-1B nonimmigrant does not require sponsorship by the U.S employer and can file an I-539 Application with Defendant USCIS if she is in the U.S. to extend her H-4 status on a showing that she has continuously maintained that status.  *See* 8 C.F.R. §214.2(h)(9)(iv) and 8 C.F.R.§214.1(c)(2).

32.    As with the alien beneficiary of an I-129 Petition Extension, the request for extension of H-4 status must be filed by the alien prior to the expiration of her existing status. The failure to timely file the request for an extension in this fashion will result in the alien being present in the U.S. in violation of their status.  *See* 8 C.F.R. §214.1(c)(2).  *See also* 8 U.S.C. §1182(a)(9)(B)(i).

33.    The exception to the requirement to timely file to extend nonimmigrant status is provided in 8 C.F.R. §214.1(c)(4), which provides a waiver to excuse late filing upon a showing to USCIS that "(i) [t]he delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service find[s] the delay commensurate with the circumstances; (ii) [t]he alien has not otherwise violated his or her Nonimmigrant status; (iii) [t]he alien remains

---

[1] The Foreign Affairs Manual is the agency guidance manual for officers and employees of the DOS.

a bona fide nonimmigrant; and (iv) [t]he alien is not the subject of deportation proceedings…or removal proceedings." *See* 8 C.F.R. §214.1(c)(4).

34.     If the request for a waiver of the lateness of the filing for an extension of status under 8 C.F.R. §214.1(c)(4) is denied, the requesting party is precluded from filing an Appeal. *See* 8 C.F.R. §214.1(c)(5).  However, the affected party is not precluded from electing to file a Motion to Reopen and / or Motion to Reconsider.   *See*  8 C.F.R. §103.5 and 8 C.F.R. §214.1(c)(5).

**B. Case History**

35.     Plaintiff-employee arrived in the U.S. on January 28, 1998, to commence work for the Mark Twain Hotel, LLC, pursuant to H-1B status.  *See* Exhibit A at page 125.

36.     In March 1998, Plaintiff-wife, Jasleen Arora, was admitted to the U.S. in H-4 status, as a dependent of Plaintiff-employee.  *See* Exhibit A at page 157.

37.     In December 1999, Plaintiff-employer, MT Partners, LP, through Attorney Timothy E. Wichmer, filed an I-129 requesting an extension of H-1B classification for Plaintiff-employee to work for it.   Attorney Wichmer also filed an I-539 Application for Plaintiff-wife requesting an extension of her H-4 status.   These were approved by Defendant USCIS, extending Plaintiff-employee's and Plaintiff-wife's H-1B and H-4 status, respectively, from July 10, 2000 to July 31, 2002.  *See* Exhibit A at page 54 and page 155.

38.     Plaintiff-employee was employed by Plaintiff-employer pursuant to H-1B status from December 1999 through November 16, 2007, when the last I-94 Card issued to him by Defendant USCIS expired.  *See* Exhibit A at page 54 and pages 145-149.

39.     Plaintiff-wife continuously maintained H-4 status from December 1999 through November 16, 2007, as a dependent Plaintiff-employee, when the last I-94 Card issued to her by Defendant USCIS expired.  *See* Exhibit A at pages 150-155.

40.     On July 26, 2007, Plaintiff-employer, represented by Attorney Wichmer, filed a Form I-140 Petition for Immigrant Worker ("I-140 Petition") on behalf of Plaintiff-employee.  This I-140 Petition was assigned Receipt Number LIN-07-242-54011.  *See* Exhibit A at page 141.

41.     Plaintiff-employee and Plaintiff-wife, represented by Attorney Wichmer, filed their Form I-485 Applications for Adjustment of Status ("I-485 Applications") concurrently with Plaintiff-employer's I-140 Petition.  *See* Exhibit A at pages 142-143.

42.     Along with their I-485 Applications, Plaintiff-employee and Plaintiff-wife filed Form I-765 Application for Employment Authorization seeking Employment Authorization Document ("EAD") Cards from Defendant USCIS as an ancillary benefit of having filed their I-485 Applications.  *See* 8 C.F.R. §274a.12(c)(9).  *See also* Exhibit D.

43.     Plaintiff-employee and Plaintiff-wife were issued an Employment Authorization Card by USCIS valid from September 24, 2007 to September 23, 2008, based on the I-485 Applications they each filed.  *See* Exhibit E.

44.     Around the time the I-140 Petition and I-485 Applications were filed, Attorney Wichmer advised Plaintiff-employee and Plaintiff-wife that filing to extend their nonimmigrant status would be a waste of money, since they would remain in a period of authorized stay, based on their pending I-485 Applications.  *See* Exhibit A at page 125 and page 157.  *See also* Adjudicator's Field Manual ("AFM") § 40.9.2(b)(3)(A) (explaining that an alien with a "properly filed" I-485 will not accrue unlawful presence pursuant to 8 U.S.C. §1182(a)(9)(B) while it is pending).

45.     Plaintiff-employee's H-1B status and Plaintiff-wife's H-4 status expired on November 16, 2007.  *See* Exhibit A at page 145 and page 157.

46.     Based on Attorney Wichmer's advice, as relayed by Plaintiff-employee, Plaintiff-employer did not file an I-129 to request an extension of H-1B work authorization and status for Plaintiff-employee beyond November 16, 2007.  *See* Exhibit A at page 120.

47.    Plaintiff-wife thus did not file an I-539 Application to request an extension of her H-4 status.  *See* Exhibit A at page 125 and page 157.

48.    On or about April 28, 2008, Defendant USCIS denied Plaintiff-employer's I-140 Petition.    Simultaneously, USCIS denied Plaintiff-employee's and Plaintiff-wife's I-485 Applications.  *See* Exhibit A at page 181-188.

49.    Over the next four and a half years, Attorney Wichmer continued to challenge the I-140 denial by administratively appealing the decision and filing motions to the agency.  *See* Exhibit A at pages 190; 192; 274; 281; 286; 323; 336.

50.    On or about July 12, 2012, the AAO granted Attorney Wichmer's motion but denied the I-140 again.  *See* Exhibit A at page 375.

51.    Upon receipt of the July 12, 2012 AAO decision, Attorney Wichmer advised Plaintiff-employee that it was a "good thing AAO has once again granted our Motion; you and your wife were in status until July 12, 2012."   Attorney Wichmer elaborated that Plaintiff-employee's and Plaintiff-wife's legal status was arguable in court, and Attorney Wichmer offered to represent Plaintiff-employee and Plaintiff-wife in removal proceedings if litigation failed after all appeals were exhausted.  *See* Exhibit A at page 125 and page 157.

52.    The Plaintiffs then consulted with Attorney Anna Stepanova for a second opinion and subsequently hired her to file the subject I-129 Petition Extension on or about September 6, 2012.  *See* Exhibit B.  *See also* Exhibit A at pages 120; 125; and 157.

53.    Attorney Stepanova also filed the subject I-539 Application for Plaintiff-wife seeking H-4 status, with a request pursuant to 8 C.F.R. §214.1(c)(4) that Defendant USCIS waive the lateness of the filing.  *See* Exhibit C.  *See also* Exhibit A at pages 120 and 125 and page 157.

54.    On or about September 19, 2012, Defendant USCIS approved the I-129 for Consular Processing, but denied the I-129 Extension of H-1B status sought pursuant to 8 C.F.R. §214.1(c)(4) without explanation.  *See* Exhibit G.

55.     On or about September 20, 2012, Attorney Stepanova emailed Defendant USCIS's California Service Center Premium Processing Unit, requesting that USCIS reverse its denial of and grant the extension of H-1B status requested by Plaintiffs pursuant to a Service Motion, as allowed by 8 C.F.R. §103.5(a)(5).  *See* Exhibit I.

56.     On or about September 26, 2012, Defendant USCIS denied Plaintiff-wife's I-539 Application with request pursuant to 8 C.F.R. §214.1(c)(4) for H-4 status.  *See* Exhibit H.

57.     On or about September 28, 2012, USCIS Officer Rosalinda responded to Attorney Stepanova, stating that the denial of the extension request in the I-129 Petition Extension pursuant to 8 C.F.R. §214.1(c)(4) was correct and that the decision would stand.  *See* Exhibit I.

58.     On or about October 18, 2012, Plaintiff-employer and Plaintiff-wife, through Attorney Stepanova, each filed I-290B Motions challenging the denials of their respective requests for H-1B and H-4 status pursuant to 8 C.F.R. §214.1(c)(4).  *See* Exhibit J through Exhibit L.

59.     The I-290B Motions argued that the September 19, 2012 decisions were legally erroneous. The I-290B filings also presented new evidence unavailable at the time that the I-129 Petition Extension and I-539 Application were filed.

     a. One piece of new evidence presented to USCIS was a signed Affidavit from Attorney Wichmer, dated October 16, 2012, admitting that he had provided legally erroneous advice to the Plaintiffs.  *See* Exhibit M.

     b. The second piece of new evidence presented was a copy of the I-129 for H-1B classification that Attorney Wichmer filed for MT Partners, LP, on behalf of Ishwinder Arora, wherein Attorney Wichmer incorrectly noted Plaintiff-employee's current status as "H-1B filed for AOS."  *See* Exhibit N at page 6.

c.  The third new piece of evidence submitted with the Motions were copies of the complaints lodged with the Missouri State Bar, by Plaintiff-employer and Plaintiff-employee, against Attorney Wichmer. *See* Exhibit O.

d.  The final piece of new evidence was the email communication between Attorney Stepanova and USCIS regarding the Service Motion she requested, which reflected a view expressed regarding the 8 C.F.R. §214.1(c)(4) request not properly reflected in the formal written denial of the I-129 Petition Extension. *See* Exhibit I.

60.  Within three weeks, on November 5, 2012, Defendant USCIS denied the I-290B Motion filed on October 18, 2012 by Plaintiff-employer. The decision alleged that no new evidence had been submitted. Defendant USCIS also referenced an argument by Plaintiff-employer regarding Plaintiff-employee's eligibility for relief under 8 C.F.R. §214.1(c)(4) despite there having been no such discussion in the September 19, 2012 denial of the I-129 Petition Extension. *See* Exhibit P.

61.  Simultaneously, Defendant USCIS denied the I-290B Motion filed on October 18, 2012 by Plaintiff-wife because the Service had denied Plaintiff-employer's I-290B Motion. *See* Exhibit Q.

62.  On or about November 8, 2012, Attorney Stepanova received a copy of the Receipt Notice for the I-290B Motions filed on October 18, 2012, erroneously addressed to Attorney Wichmer. See Exhibit R.

63.  Mrs. Stephanie Meushaw, paralegal for Attorney Stepanova, attempted to contact USCIS's National Customer Service Center ("NCSC") by telephone to verify the Attorney of Record on both the initial I-129 Petition Extension and I-539 Application, as well as the October 18, 2012 I-290B Motions. Mrs. Meushaw was told on all three attempts that the "system was down," so her call could not be escalated. *See* Exhibit S.

64.     On or about November 9, 2012, Mrs. Meushaw again called USCIS' NCSC to verify the Attorney of Record.   On her first two attempts, Mrs. Meushaw was informed that neither Attorney Stepanova nor the Murthy Law Firm was listed as the attorney of record, so the Officer could not discuss the case.   On her third attempt, Mrs. Meushaw spoke with Officer Hernandez, who verified that Murthy Law Firm and Attorney Anna Stepanova was the Attorney of Record for the I-129 Petition Extension and the I-539 Application, but that Attorney Timothy Wichmer was the Attorney of Record for the October 18, 2012 I-290B Motions.   Mrs. Meushaw informed Officer Hernandez of the severity of this error and placed a service request to have it corrected.   *See* Exhibit S.

65.     On or about November 19, 2012, Attorney Stepanova received a response to the November 9, 2012 service request on Plaintiff-wife's I-290B Motion on her I-539 Application. The response noted that "the typographical error on the I-290B receipt notice was corrected." *See* Exhibit T.

66.     On or about November 26, 2012, Attorney Stepanova received a response to the November 9, 2012 service request on Plaintiff-employer's I-290B Motion on its I-129 Petition Extension.   The response stated that Defendant USCIS would pull Plaintiff-employee's file for review and issue a follow-up response within thirty days.   As of the date of this filing, no response has been issued.   *See* Exhibit S and Exhibit U.

67.     On or about December 6, 2012, Plaintiff-employer and Plaintiff-wife, through Attorney Stepanova, filed a second set of I-290B Motions challenging the November 6, 2012 decisions from USCIS.   These I-290B Motions were assigned to the Vermont Service Center. *See* Exhibit V through Exhibit X.

68.     On or about December 19, 2012, paralegal Stephanie Meushaw, on behalf of Plaintiffs, and at the instruction of Attorney Stepanova, emailed the USCIS's NCSC to request expedited processing of the I-290B Motions with Receipt Numbers EAC1390133011 and

EAC1390133010, since the decisions being challenged, the I-290B Motions the subject of this Complaint, were based on Service Error. *See* Exhibit Y and Exhibit Z.

69.    On or about January 7, 2012, Mrs. Meushaw received a response from USCIS's NCSC, addressed to Attorney Pamela Genise. *See* Exhibit AA.

70.    While Attorney Genise is also employed by the Murthy Law Firm she is not the Attorney who signed the Forms G-28 filed with the I-290B Motions pending at the Vermont Service Center. Attorney Genise has had no involvement with this case whatsoever. See Exhibit V at page 1; Exhibit W at page 1; and Exhibit X.

71.    The Service's reply to Plaintiffs' expedite requests stated that "[t]he VSC should respond to you within 30 days from the date of this email, informing you of the status of your clients' cases." Mrs. Meushaw responded to the NCSC's email, noting that Attorney Anna Stepanova should be the attorney of record on the December 6th Motions. *See* Exhibit AA.

72.    On or about January 8, 2013, the USCIS Vermont Service Center denied the expedite requests, stating, "it does not meet the criteria for special handling." *See* Exhibit BB.

**C. Exhaustion of Administrative Remedies**

73.    On or about September 20, 2012, Plaintiff-employer, through Attorney Stepanova, requested supervisory review, based on 8 C.F.R. §103.5(a)(5) as a Service Motion, of the denial of I-129 Extension's request for H-1B status under 8 C.F.R. §214.1(c)(4). USCIS Officer Rosalinda informed Attorney Stepanova that the denial of the extension of stay request would not be reversed on a Service Motion. *See* Exhibit I.

74.    On or about October 18, 2012, Plaintiff-employer timely filed an I-290B Motion on the September 19, 2012 decision. However, this I-290B Motion was denied on November 5, 2012. *See* Exhibit J, Exhibit L, and Exhibit P.

75.    On or about October 18, 2012, Plaintiff-wife timely filed an I-290B Motion on the September 26, 2012 decision, which was subsequently denied on November 5, 2012. *See* Exhibit K, Exhibit L, and Exhibit Q.

76.     On or about December 6, 2012, Plaintiff-employer and Plaintiff-wife each timely filed an I-290B Motion on their November 5, 2012 decisions.  Plaintiffs' requests for expedited processing of the Motions were denied, and the Motions remain pending at the USCIS Vermont Service Center.  *See*, Exhibit V through Exhibit W and Exhibit BB.

77.     There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI.     GROUNDS FOR RELIEF OF PLAINTIFF-EMPLOYER AND PLAINTIFF-EMPLOYEE

78.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

79.     Plaintiffs are entitled to judicial review under 28 U.S.C. §1331 and 5 U.S.C. §702.

80.     Plaintiffs seek judicial review of the USCIS decision dated September 19, 2012, denying the request for H-1B status for Plaintiff-employee pursuant to 8 C.F.R. §214.1(c)(4) in the I-129 Petition Extension.

81.     Plaintiffs  seek judicial review of the USCIS decision dated November 5, 2012 denying the Motion to Reopen and Motion to Reconsider the Service's September 19, 2012 denial of the request for H-1B status for Plaintiff-employee pursuant to 8 C.F.R. §214.1(c)(4) in the I-129 Petition Extension.

82.     This action arises under the Constitution of the United States; the INA, 8 U.S.C. §1101 *et seq.;* 28 U.S.C. §1331; and the APA, 5 U.S.C. §701 *et. seq.*  This Honorable Court has jurisdiction under 5 U.S.C. §703 and 28 U.S.C. §1331, as well as under 28 U.S.C. §2201 and §2202 (relating to the Courts' ability to fashion appropriate remedies).  This Court may grant declaratory relief in this action under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act); 5 U.S.C. §701 *et seq.* (Administrative Procedure Act); and 28 U.S.C. § 651, *et seq.* (All Writs Act).

83.     The APA governs the review of an agency action where a person has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action.  5 U.S.C. §702.

84.     The APA also governs the review of an agency action where there has been a "final agency action."  5 U.S.C. §704.

85.     The decision issued by USCIS on September 9, 2012 constitutes "final agency action" under 5 U.S.C. §704 given that no rule requires that this decision be appealed.

86.     The November 5, 2012 USCIS decision on Plaintiff-employer's I-1290B Motion constitutes "final agency action" under 5 U.S.C. §704 given that no rule requires that this decision be appealed.

87.     Defendants' denials of Plaintiff-employer's I-129 Extension, and subsequent I-290B Motion were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Such denials are therefore subject to review under 5 U.S.C. § 706(2)(A).

88.     Defendants' denials of Plaintiff-employer's I-129 Extension and subsequent I-290B Motion were without a meaningful review of the substantial evidence available to the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.   Such denials are therefore subject to review under 5 U.S.C. § 706(2)(A).

89.     Beyond the arbitrary and capricious nature of Defendants' September 19, 2012 decision in this case, Plaintiffs also present a question of pure law.

90.     Beyond the arbitrary and capricious nature of Defendants' November 5, 2012 decision in this case, Plaintiffs also present a question of pure law.

91.     The jurisdiction-limiting provision of 8 U.S.C. §1252 does not preclude review by this Court of the decisions by Defendants being challenged by Plaintiffs.  The question for this Court is "whether [US]CIS erred in deciding to reject his untimely filing of a petition for extension of stay."  *Hovhannisyan v. Dept. of Homeland Security*, 624 F. Supp. 2d 1135, 1143 (C.D. Cal. 2008).  In *Kucana v. Holder*, 130 S. Ct. 827, 837-38 (2010), the Supreme Court stated that Congress could have barred judicial review of decisions made discretionary by regulation besides those made discretionary by statute, but it did not do so.  Although the decision to grant

a request under 8 C.F.R. §214.1(c)(4) is discretionary, as "[a]ction…made discretionary by the Attorney General only, [it] therefore remain[s] subject to judicial review." *Kucana*, 130 S. Ct. at 840. Therefore, Plaintiffs' claims are entitled to this Court's review as it is a question of law.

92. The INA provides that "admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. §1184(a)(1).

93. The INA provides that a request for H-1B status "shall be determined…upon petition of the importing employer." 8 U.S.C. §1184(c)(1).

94. The INA provides that generally, an I-129 shall not be approved granting an alien a "period of authorized admission" of more than six years. 8 U.S.C. §1184(g)(4).

95. An exception to the six-year limitation in 8 U.S.C. §1184(g)(4) provides that when an alien is the beneficiary of either a "labor certification under section 212(a)(5)(A)" or "[a] petition described in section 204(b) of such Act," when "365 days or more have elapsed," the Service "shall extend the stay of an alien who qualifies for an exemption" of 8 U.S.C. §1184(g)(4) "in one year increments." P.L. 106-313 §§106(a) and (b), as amended by P.L. 107-273 §§11030A(a) and (b).

96. USCIS requires that an alien, having been granted admission in H-1B status, may seek an extension of that status by his employer filing the I-129 with such a request. *See* 8 C.F.R. §214.1(c)(1) and 8 C.F.R. §214.2(h)(9).

97. USCIS provides that the spouse and children of an alien granted admission in H-1B status may seek status in H-4 classification and may extend that status when the principal alien is maintaining his H-1B status. *See* 8 C.F.R. §214.2(h)(9)(iv) and 8 C.F.R. §214.1(c)(2).

98. USCIS provides that an alien who has failed to timely request an extension of status may seek a waiver of the timely filing requirement upon a demonstration by the employer filing the I-129 that "(i) [t]he delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the

circumstances; (ii) [t]he alien has not otherwise violated his or her Nonimmigrant status; (iii) [t]he alien remains a bona fide nonimmigrant; and (iv) [t]he alien is not the subject of deportation proceedings…or removal proceedings."  8 C.F.R. §214.1(c)(4).

99.    While USCIS as an agency is granted broad discretion, that discretion is not unfettered. *See* 5 U.S.C. §706.

100.    Defendants are required by 5 U.S.C. §555(e) to provide the reasons for their denial of a request for an immigration benefit in a written statement to the petitioner or applicant.

101.    The duty imposed by 5 U.S.C. §555(e) is also required by agency regulation and Precedent Decisions governing the actions of employees of DHS and DOJ.  *See* 8 C.F.R. §103.3(a)(1) (requiring a decision be issued with specific reasons), *In re Air India "Flight No. 101"*, 21 I. & N. Dec. 890 (BIA 1997) (holding that a decision to fine a party must specifically state reasons for its imposition), and *Matter of M-P-*, 20 I. & N. Dec. 786 (BIA 1994) (holding that the reasons for a denial must be fully explained).

102.    The agency therefore cannot ignore or discount substantial evidence in the administrative record without a rational basis. If it does so, such action is considered arbitrary and capricious and is considered an abuse of discretion. *See* 5 U.S.C. §706.

      a. "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary action within the meaning of §706." *Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010).

103.    Plaintiffs have exhausted administrative remedies by filing an I-290B Motion on the subject I-129 Petition Extension. There is no further administrative review available. There is no other appropriate judicial remedy.

104.    This case is ripe for review, as USCIS issued the denials described above in paragraphs 44 and 50. Though Plaintiff-employer has filed a second I-290B Motion, challenging the November 5, 2012 decision denying the first I-290B Motion for Plaintiff-employee, the denial remains final and ripe for review.

105.     Should the Court refuse to consider this case, Plaintiffs will suffer hardship in forcing the Plaintiff-employee and Plaintiff-wife to leave the United States and depriving Plaintiff-employer of the ability to employ Mr. Arora.

106.     The standard of review that must be applied in this case is the "substantial evidence" test under 5 U.S.C. §706(2)(E). The USCIS decision was clearly an adjudicatory hearing designed to produce a record that is to be the basis of agency action.  *See* 5 U.S.C. §706(2)(E).

107.     USCIS did not take into account the whole record in this case. Rather, the agency sought to discredit the substantial evidence provided by Plaintiffs in support of the I-129 Petition Extension and the I-290B Motion filed thereon and failed to provide a reasonable explanation for their discrediting of Plaintiffs' evidence.  *See Universal Camera v. NLRB*, 340 U.S. 474, 487-88 (1951) ("substantiality of evidence" depends on the entire record).

108.     USCIS completely ignored, or discredited for no apparent reason, key pieces of evidence submitted by the Plaintiffs showing that Plaintiffs suffered extraordinary circumstances through no fault of their own, as required by 8 C.F.R. §214.1(c)(4).

109.     Specifically, USCIS arbitrarily and capriciously denied the I-129 Extension because Plaintiff-employee's "prior H-1B status" expired on November 16, 2007.

a.  While Defendant USCIS's denial of the I-129 Extension noted that the subject petition was filed "approximately 4 years and 10 months after the beneficiary's valid status had expired."   Instead of USCIS weighing the evidence demonstrating that Plaintiff-employee qualifies for an extension with the lateness of the filing waived under 8 C.F.R. §214.1(c)(4), the Service concluded that "[a]s such, the beneficiary was in violation of his…H-1B status at the time of filing the petition for extension."

b.  Rather than providing Plaintiff-employer with a statement of reasons for failing to meet the requirements in 8 C.F.R. §214.1(c)(4), USCIS concluded that because

Plaintiff-employee failed to maintain his status, "the request for extension of status is denied." However, the reason for Plaintiff-employer making a request to USCIS under 8 C.F.R. §214.1(c)(4) is because Plaintiff-employee's status had expired prior to the filing of the I-129 Petition Extension.

110.    The USCIS agency decision was "patently unresponsive" to the substance of the evidence submitted, sought to discredit evidence submitted on pretext, and made a denial which was not "based on consideration of the relevant factors."  *Maryland People's Counsel v. FERC*, 761 F.2d 768, 779 (D.C. Cir. 1985).

111.    The USCIS determinations that the evidence submitted by the Plaintiffs, in the I-129 Extension, failed to show that the failure to maintain H-1B nonimmigrant status was due to extraordinary circumstances warrant no deference whatsoever, as these determinations by the Service fail the "substantial evidence" test.  USCIS failed to consider all of the evidence in the record and therefore the Service's decision is not supportable.

112.    The perfunctory nature of USCIS's adjudication in regard to the I-129 Extension is reflected by the fact that its denial is premised merely on the failure to timely file the extension. The Plaintiff-employer had conceded that the I-129 was not timely filed, and explicitly requested a waiver of the lateness of filing.

113.    The USCIS determination that the evidence submitted by the Plaintiff-employer, in the I-290B Motion denied on November 5, 2012, fails to meet the requirements for a Motion to Reopen or Motion to Reconsider fails the "substantial evidence" test.  USCIS failed to consider all of the evidence on the record and therefore the decision is without support.

114.    Defendants' September 19, 2012 decision was arbitrary and capricious because it did not consider the evidence of eligibility in the record.  The adjudicator ignored substantial evidence in the record indicating that Mr. Arora had failed to maintain his status because of extraordinary circumstances beyond his control attributable to erroneous advice provided by a previous attorney.  The denial of the I-129 Extension for Mr. Arora was arbitrary and capricious

because it failed to explain the reason that Plaintiffs did not establish the existence of extraordinary circumstances.  Defendants merely stated that the extension of status was filed late.

115.    Defendants' decisions to deny the extension of status requested by Plaintiff-employer's I-129 Extension and I-290B Motion for Mr. Arora were arbitrary and capricious because USCIS was required by statute, regulations and Precedent Decisions to issue a decision in each instance specifying the reasons for its conclusion.

a. In the I-129 Extension denial of September 19, 2012, USCIS merely re-states that Plaintiff-employee failed to maintain his status and therefore is not eligible for an extension of status pursuant to 8 C.F.R. §214.1(c)(4), although this regulation exists as an ameliorative benefit to an alien not maintaining status.

b. In the email to Attorney Stepanova by USCIS, dated September 28, 2012, USCIS states that the September 19, 2012 denial is correct because "the beneficiary chose" to not extend his status. This rationale is not stated anywhere in USCIS' formal decision regarding the I-129 petition.

c. The Service sent a Receipt Notice for the I-290B Motion filed with a Form G-28 for the appearance of Attorney Stepanova as the Attorney of Record to Attorney Wichmer, who is the very subject of Plaintiff-employer's basis for requesting an extension of status under 8 C.F.R. §214.1(c)(4), in violation of 8 C.F.R. §292.5(a).

d. In the I-290B Motion denial of November 5, 2012, while incorrectly stating that Plaintiff-employer did not file new evidence, USCIS states that "[i]t was argued earlier and again on motion that petitioner and beneficiary relied solely upon former counsel's representations."  However, there is nothing in the decision of September 19, 2012 to indicate that USCIS had even considered that evidence

in making the decision to deny the request made pursuant to 8 C.F.R.
§214.1(c)(4).

116.    Defendants' decision to deny the extension of status requested by Plaintiff-wife's
I-539 Application was arbitrary and capricious due to the failure of the adjudicating officer to
consider the evidence of eligibility presented by the Petitioner.  The adjudicator ignored
substantial evidence in the record indicating that Mrs. Arora failed to maintain her status
because of extraordinary circumstances beyond her control attributable to erroneous advice
provided by a previous attorney.  The denial of the I-539 Application for Mrs. Arora was arbitrary
and capricious because it failed to explain the failure of the Applicant to establish the existence
of extraordinary circumstances and continued to restate that the request for an extension of
status was filed late.

117.    USCIS's statements in its emails to Attorney Stepanova that "the beneficiary
chose to process with a labor certification and I-140/I-485" was arbitrary and capricious due to
the failure of the adjudicating officer to consider the evidence submitted to satisfy the
requirement in 8 C.F.R. §214.1(c)(4)(i) that the failure to maintain status be for reasons "beyond
the control of the applicant or petitioner."

118.    Plaintiff-employer's I-290B Motion denied on November 5, 2012 included four
pieces of new evidence that had not been submitted with the I-129 Extension.  Specifically, a
signed Affidavit from Attorney Timothy Wichmer, a copy of the I-129 Petition filed in 2010 by
Attorney Wichmer for Plaintiff-employer on behalf of Plaintiff-employee, copies of Plaintiff-
employer's and Plaintiff-employee's complaints against Attorney Wichmer to the Missouri State
Bar, and email correspondence between USCIS and Attorney Stepanova reflecting
misstatements regarding the Plaintiffs' facts.

119.    The USCIS denial of the I-290B Motion by Plaintiff-employer on November 5,
2012 failed to acknowledge or address that these four pieces of new evidence had been
submitted.  The Defendants' failure to acknowledge or address that four pieces of new evidence

had been submitted with the I-290B Motion denied on November 5, 2012 is reflected in the language of these decisions issued by the Service as being denied for failing to meet the requirements for filing a Motion to Reopen under 8 C.F.R. § 103.5.

120.    Defendants' decision that Plaintiff-employer's I-290B Motion, denied on November 5, 2012, did not meet the requirements of 8 C.F.R. §103.5(a)(2) is arbitrary and capricious because they failed to address the evidence submitted or acknowledge its existence.

121.    Defendants' decision that Plaintiff-employer's I-290B Motion, denied on November 5, 2012, did not meet the requirements of 8 C.F.R. §103.5(a)(3) is arbitrary and capricious because they failed to address the reason for concluding that the evidence was "found unpersuasive" to satisfy the requirements of 8 C.F.R. §214.1(c)(4).

122.    The USCIS denial of the I-290B Motion by Plaintiff-employer on November 5, 2012 dismisses Plaintiff-employer's arguments regarding the failure of Attorney Wichmer to give appropriate legal advice as a basis for satisfying 8 C.F.R. §214.1(c)(4)(i). However, the denial of the I-129 Extension never addressed this argument and evidence.

123.    The USCIS denial of the I-290B Motion by Plaintiff-employer on November 5, 2012 dismisses Plaintiff-employer's arguments despite substantial evidence that Attorney Wichmer failed to properly advise Plaintiff-employer that the Appeals or Motions to Reopen filed in regard to the denied I-140 petition would not independently provide the Plaintiff-employee with employment authorization or lawful status, and that the Plaintiff-employee's H1B status needed to be extended to provide these benefits.

124.    USCIS's failure to evaluate the evidence in the I-129 Extension based on the criteria in 8 C.F.R. §214.1(c)(4) constitutes a violation of the Plaintiffs' Fifth Amendment due process rights.  Such a violation was not cured by the fact that a decision was issued concluding that Plaintiff-employee failed to maintain his status for almost 5 years.

125.    USCIS's failure to recognize that Plaintiff-employer submitted new evidence in the I-290B Motion denied on November 5, 2012 constitutes a violation of the Plaintiffs' Fifth

26

Amendment due process rights. Such a violation was not cured by USCIS issuing a decision stating that Plaintiff-employer failed to demonstrate "any extraordinary circumstances beyond the control of the petitioner and beneficiary."

126. The USCIS determination that Plaintiff-employee, as the beneficiary of the I-129 Extension Petition, failed to show that he failed to maintain his nonimmigrant status due to extraordinary circumstances was an arbitrary and capricious decision and not supported by substantial evidence in the record. 5 U.S.C. §706(2)(A) and 5 U.S.C. §706(2)(E).

127. In the alternative, a *de novo* standard of review under 5 U.S.C. §706(2)(F)(i) should be applied because the actions at issue in this case are "adjudicatory in nature and the agency fact finding procedures are inadequate."

128. As such, the Court should review *de novo* all of the evidence Plaintiffs have submitted in support of the I-129 Extension and I-290B Motion denied on November 5, 2012. In doing so, the Court will find that Plaintiffs failed to maintain their respective nonimmigrant status due to extraordinary circumstances beyond their control, and that the extension of status request in the I-129 Extension for Ishwinder Arora should be approved to classify Plaintiff-employee as an H-1B nonimmigrant, respectively, pursuant to 8 U.S.C. §§1184(a)(1) and (c)(1). *See* 8 C.F.R. §214.1(c) and 8 C.F.R. §214.2(h)(9).

129. The USCIS finding that Plaintiffs had not shown that Mr. Arora had failed to maintain his status due to extraordinary circumstances were based on not only legal and factual errors, but "gross distortion[s] of the record." *Karagholi v. INS*, 409 U.S. 1086, 1089 (U.S. 1972). This action is therefore reviewable under 5 U.S.C. §704, "wherein '[agency] action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.'" *Id.*

130.    In addition to claims that the USCIS denial of the I-129 Extension was arbitrary and capricious, Plaintiffs assert that the standard applied by USCIS in evaluating these cases is *ultra vires* and contrary to the express language of the INA and C.F.R., as cited above

## VII.    GROUNDS FOR RELIEF OF PLAINTIFF-WIFE

131.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

132.    Plaintiff-wife, a citizen and national of India, seeks judicial review of the USCIS decision dated September 26, 2012, denying her request for H-4 status pursuant to 8 C.F.R. §214.1(c)(4) in the I-539 Application. Plaintiff-wife seeks judicial review of the USCIS decision dated November 5, 2012 denying her Motion to Reopen and Motion to Reconsider her request for H-4 status pursuant to 8 C.F.R. §214.1(c)(4) in the I-539 Application.

133.    The decision issued by USCIS on September 26, 2012 constitutes "final agency action" under 5 U.S.C. §704 given that no rule requires that this decision be appealed.

134.    The decision issued by USCIS on November 5, 2012 on the Plaintiff-wife's I-290B Motion constitutes "final agency action" under 5 U.S.C. §704 given that no rule requires that this decision be appealed.

135.    Defendants' denial of Plaintiff-wife's I-539 Application requesting H-4 status pursuant to 8 C.F.R. §214.1(c)(4) and its November 5, 2012 denial of her I-290B Motion were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, because the denials of the underlying I-129 Extension and I-290B Motion by Plaintiff-employer were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Such denials are therefore subject to review under 5 U.S.C. § 706(2)(A).

136.    Defendants' denials of Plaintiff-wife's I-539 Application and subsequent I-290B Motion were based on the denials of the respectively underlying I-129 Extension and I-290B Motion of Plaintiff-employer. Defendants' decisions were executed without a meaningful review

of the substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution. Such denials are therefore subject to review under 5 U.S.C. § 706(2)(A).

137. Plaintiff-wife has exhausted administrative remedies in that she filed an I-290B Motion on the subject I-539 Application. There is no further administrative review available. There is no other appropriate judicial remedy.

138. This case is ripe for review, as USCIS issued the denials described above in paragraphs 46 and 51. Though Plaintiff-wife has filed a second I-290B Motion challenging the November 5, 2012 decision denying her first I-290 Motion the denial remains final and ripe for review.

139. In addition to claims that the USCIS denial of the extension of status request in the I-539 Application was arbitrary and capricious because of the denial of the underlying I-129 Petition Extension, Plaintiffs assert that the standard applied by USCIS in evaluating this case is *ultra vires* and contrary to the express language of the INA and C.F.R., as cited above.

## VIII.   CLAIMS FOR RELIEF
### Count I
### (Administrative Procedure Act)

140. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

141. Plaintiffs have the right to review of the agency decision under 5 U.S.C. §702.

142. The Defendants' actions violate federal regulations, Precedent Decisions, the Immigration and Nationality Act, and the Administrative Procedures Act. The Defendants' actions in failing to specifically address the evidence submitted by Plaintiffs in the I-129 Petition Extension and I-539 Application during the adjudication of these benefit requests constitutes

agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. §706(2)(A).

143.    The Defendants' actions violate federal regulations, Precedent Decisions, the Immigration and Nationality Act, and the Administrative Procedures Act. The Defendant's actions in denying Plaintiffs' I-290B Motions on November 5, 2012 without any apparent consideration of the two pieces of new evidence that were not previously available constitutes agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. §706(2)(A).

144.    The Defendants' actions violate federal regulations, Precedent Decisions, the Immigration and Nationality Act, and the Administrative Procedures Act. Defendants' failure to correct agency errors and to even continue to commit additional errors in the adjudication of the subject I-129 Extension, I-539 Application, and I-290B Motions, after becoming aware of agency errors constitutes an agency action without observance of procedure required by law under 5 U.S.C. §706(2)(D).

145.    The Defendants' actions violate federal regulations, the Immigration and Nationality Act, and the Administrative Procedures Act. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider key evidence provided by Plaintiffs in support of the I-129 Extension and I-539 Application constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

146.    The Defendants' actions violate federal regulations, Precedent Decisions, the Immigration and Nationality Act, and the Administrative Procedures Act. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider key evidence provided by Plaintiffs in support of the I-290B Motions denied on November 5, 2012 constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

## Count II

### (U.S. Constitution, Fifth Amendment, Due Process Clause)

147.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

148.    Defendants' actions in proclaiming that Plaintiff-employer and Plaintiff-employee are ineligible for an extension of H-1B status as described above in paragraphs 44 and 50 constitutes a deprivation of liberty without a meaningful review of the substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

149.    Defendants' actions in proclaiming that Plaintiff-wife is ineligible for an extension of H-4 status as described above in paragraphs 46 and 51 constitutes a deprivation of liberty without a meaningful review of the substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution, because her eligibility is based on Plaintiff-employer and Plaintiff-employee.

150.    Defendants' actions in providing an email reflecting a review of at least some evidence submitted in the I-129 Extension that was not addressed in any fashion in the formal denial decision of September 19, 2012 constitutes a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment to the United States Constitution.

151.    Defendants' actions in the denial of the I-290B Motions on November 5, 2012 while refusing to acknowledge or address the submission of new evidence in these I-290B Motions constitutes a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

152.    Defendants' actions in the denial of the I-290B Motions on November 5, 2012 reflecting a knowledge of at least some evidence submitted in the I-129 Extension that was not

addressed in the September 19, 2012 denial constitutes a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)  Reverse the USCIS decision and grant the I-129 Extension for Ishwinder Arora under 5 U.S.C. §706(2)(F);

(2)  Reverse the USCIS decision and grant the I-539 Application for Jasleen Arora under 5 U.S.C. §706(2)(F);

(3)  Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA.

(4)  Grant such further relief as this court deems reasonable and appropriate.

(5)  OR, in the alternative:

(6)  Declare unlawful and set aside the USCIS actions, findings, and conclusions regarding the extension of status request in the I-129 Extension by MT Partners, LP for Mr. Arora and remand to USCIS for findings in accordance with this decision under 5 U.S.C. §702;

(7)  Declare unlawful and set aside the USCIS actions, findings, and conclusions regarding the extension of status request in the I-539 Application for Mrs. Arora and remand to USCIS for findings in accordance with this decision under 5 U.S.C. §702;

(8)  Declare unlawful and set aside the USCIS actions, findings, and conclusions regarding the I-290B Motion by MT Partners, LP for Mr. Arora denied on November 5, 2012 and remand to USCIS for findings in accordance with this decision under 5 U.S.C. §702;

(9)   Declare unlawful and set aside the USCIS actions, findings, and conclusions regarding the I-290B Motion by Mrs. Arora denied on November 5, 2012 and remand to USCIS for findings in accordance with this decision under 5 U.S.C. §702; and

(10)  Grant such further relief as this court deems reasonable and appropriate.

Respectfully submitted on this 18th day of March 2013.

/s/Adam J. Rosen, Esquire
U.S. District Court Bar #MD29709
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
(410) 356-5440

Attorneys for Plaintiffs